Filed 8/17/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHANNON GUILLORY,<br><br>    Defendant and Appellant. | A161952<br><br>(Contra Costa County Super. Ct. No. 50106518.) |

The jury that convicted Shannon Guillory of murder returned a not true finding on one of several special circumstances allegations.  Guillory contends the not true finding automatically entitles her to vacatur and resentencing under Penal Code section 1172.6, subdivision (d).[1]  It does not.  Guillory could have been convicted under theories of murder liability that remain valid under current law, so she is ineligible for section 1172.6 relief.

Under recent changes to the Penal Code, participants in a felony that results in a killing can be found guilty of felony murder only if they were an actual killer, acted with the intent to kill, or were major participants in the underlying felony and acted with reckless indifference to human life.  (§ 189, subds.

---

[1] Former section 1170.95 was amended in ways not relevant here and renumbered section 1172.6 effective June 30, 2022.  (Assem. Bill No. 200 (2021-2022 Reg. Sess.), Stats. 2022, ch. 58, §10.)  Subsequent statutory citations are to the Penal Code.

1

(e)(1)-(3).) Guillory, convicted in 2004 of kidnapping, carjacking, robbing, and murdering Calvin Curtis, contends she qualifies for relief under the new law because the jury rejected a special circumstances allegation regarding the kidnapping. She asserts this finding triggered section 1172.6, subdivision (d), which mandates vacatur and resentencing "[i]f there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony." (§ 1172.6, subd. (d)(2).)

We disagree. There were viable bases for murder liability independent of the rejected special circumstances allegation. In such circumstances, section 1172.6, subdivision (d)(2) cannot plausibly be read to mandate automatic vacatur of the murder conviction and resentencing. We also reject Guillory's claim that Proposition 57 applies retroactively to her case under *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299 (*Lara*).

## BACKGROUND

### A.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, changed the law relating to accomplice liability for murder to better align punishment with individual culpability. (Stats. 2018, ch. 1015, § 1(b), (f).) To that end, Senate Bill 1437 eliminated the natural and probable consequences doctrine as to murder and narrowed the felony murder exception to the malice requirement. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 862.)

As relevant here, Senate Bill 1437 amended section 189 to require that the perpetrator of a felony murder was either (1) the actual killer; (2) aided and abetted the killer with the intent to kill; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life, as those terms are used in the statute defining felony murder special circumstances.

2

(Stats. 2018, ch. 1015, § 3; § 189, subd. (e); see § 190.2, subd. (d).) It also created, through former section 1170.95 (now section 1172.6), a path for offenders convicted under the former felony murder rule to petition the trial court to vacate their conviction and for resentencing if they could not have been convicted of murder under the amended statutes. (Stats. 2018, ch. 1015, § 4; *Mancilla, supra,* 67 Cal.App.5th at p. 862.) A person convicted of murder, attempted murder, or manslaughter prior to Senate Bill 1437 may seek retroactive relief under this provision if (1) the information or indictment allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or any other theory under which malice is imputed based solely on the defendant's participation in a crime; and (2) the petitioner could not be convicted of murder under current law. (§ 1172.6, subd. (a).)

If the petition makes a prima facie showing that the petitioner satisfies these requirements, the court must issue an order to show cause and hold a hearing at which the prosecutor is required to prove beyond a reasonable doubt that the petitioner is guilty of murder under current law. (§ 1172.6, subds. (c), (d).) The parties may rely on admissible evidence in the record of conviction or offer additional evidence. (§ 1172.6, subd. (d)(3).) If the prosecutor fails to sustain its burden of proof, the court must vacate the murder conviction and resentence the petitioner on the remaining charges. (§ 1172.6, subd. (d)(3).)

**B.**

The factual and procedural background is drawn from our opinion affirming Guillory's direct appeal from her conviction (*People v. Guillory* (April 24, 2007, A108688) [nonpub. opn.]), the record on that appeal (which we judicially notice as necessary), and the record on her resentencing petition.

Guillory and her boyfriend Josh Burton decided to lure Curtis to Guillory's home to rob him and steal his car. Late one

evening, Guillory invited Curtis over to the apartment where she was staying. Burton hid in the kitchen with a knife.

When Curtis walked into the apartment and greeted Guillory, Burton attacked him from behind, held him in a chokehold with the knife to his neck, and directed Guillory to tie his hands with a telephone cord. After the two took Curtis's money, car keys, and other belongings, they put on latex gloves and left the apartment with Guillory's baby and the still-bound Curtis. Burton got in the driver's seat of Curtis's car; Guillory got in back with Curtis and the baby.

As Burton drove, Curtis struggled and attempted to escape. Guillory stabbed him in the head with two screwdrivers at least 13 times, using enough force to gouge his skull; clubbed him on the knee with a car-lock device; and hit him on the head with a can of baby formula.

Curtis knocked the baby's car seat over as he struggled. Burton pulled over, moved the baby to the front, and beat Curtis with his fists. Curtis begged for his life and offered money, but to no avail. With Guillory grasping Curtis to prevent his escape, Burton drove on until Curtis recommenced struggling. Burton stopped the car again and told Guillory to strangle Curtis with a cord he handed her. She attempted to comply, but when Curtis fought her off Burton took over and strangled him as Guillory watched him slowly die. The pair then dumped Curtis's body, dropped the baby off with a friend, and took Curtis's remaining valuables from his car.

## C.

The jury was instructed on theories of malice murder, felony murder, and aiding and abetting. It convicted Guillory of first degree murder, first degree robbery, kidnapping for purposes of robbery, kidnapping for purposes of carjacking, simple kidnapping, carjacking, and child endangerment. The jury also

4

returned a not true finding on a special circumstance allegation that Guillory committed the murder during the course of a kidnapping.  It failed to reach a verdict on two other special circumstance allegations: murder during a robbery, and murder during a carjacking.  The court declared a mistrial as to the deadlocked allegations, sentenced Guillory to 25 years to life for first degree murder, and imposed and stayed concurrent terms on the other counts.

## D.

In 2019, Guillory petitioned for resentencing pursuant to the then newly-enacted section 1170.95 (now section 1172.6).  Following an order to show cause and a hearing on the petition at which Guillory testified, the court found Burton was the actual killer and that Guillory (1) aided and abetted the murder with the intent to kill; and (2) was a major participant in the robbery and carjacking who acted with reckless indifference to human life.  Accordingly, she was ineligible for relief under section 1172.6.

The court further found that the not-true finding on the kidnapping allegation did not change this result.  First, it concluded, Guillory could be convicted of felony murder under current law based on the robbery and carjacking special circumstances allegations, which were not foreclosed by the negative finding on the kidnapping allegation.  Second, she could be convicted of murder on an aiding and abetting theory independently of the felony murder rule.  It therefore denied her petition.

## DISCUSSION

## A.

Guillory contends the not-true finding on the kidnapping allegation entitles her to resentencing as a matter of law under subdivision (d)(2) of section 1172.6.  Reviewing this issue of

statutory interpretation independently (*People v. Lewis* (2021) 11 Cal.5th 952, 961), we disagree.

If a petition establishes a prima facie case for relief, in most cases the trial court must issue an order to show cause and hold a hearing to determine whether the petitioner is entitled to vacatur and resentencing, as the trial court did here. (§ 1172.6, subds. (c), (d)(3).) However, section 1172.6 also sets up an abbreviated procedure where either the parties stipulate to the petitioner's eligibility for relief and waive the hearing or "there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony." (§ 1172.6, subd. (d)(2).) In the latter case, the court must bypass a hearing under section 1172.6, subdivision (d)(3) and proceed directly to vacatur and resentencing. (§ 1172.6, subd. (d)(2).)

Although the point is the subject of some legal dispute, we will assume arguendo that the jury found Guillory did not act with reckless indifference or was not a major participant in the kidnapping because it rejected the kidnapping allegation, which incorporated the reckless indifference/major participant elements. (See § 190.2, subds. (a)(17), (d); *People v. Flint* (2022) 75 Cal.App.5th 607, 614 (*Flint*) [holding acquittal on special circumstances allegation is a "prior finding" under section 1172.6, subdivision (d)(2)]; *People v. Harrison* (2021) 73 Cal.App.5th 429, 439-442 [same]; *People v. Clayton* (2021) 66 Cal.App.5th 145,154-158 (*Clayton*) [same]; *but see id.* at pp. 159-162 (dis. opn. of Chavez, J.).)

But we cannot construe subdivision (d)(2) of section 1172.6 to mean, as Guillory argues, that the negative finding on the kidnapping allegation entitles her to resentencing even though she could be convicted under other, still valid theories of murder. First, as the court found, Guillory remains directly liable as an aider and abettor under the amended law because she intended

6

Curtis's death. (§§ 189, subd. (e)(2), 1172.6, subd. (a)(3).) Second, neither the jury's rejection of the kidnapping allegation nor its deadlock on the remaining special circumstance allegations would preclude a subsequent court or jury from finding her guilty of felony murder based on her participation in the robbery and carjacking. (See § 954 [acquittal of one or more counts is not deemed an acquittal of any other count]; *People v. Hatch* (2000) 22 Cal.4th 260, 270-273 [dismissal does not bar future prosecution absent a showing that it was for insufficient evidence].) In short, Guillory could be convicted of murder under current law, and she therefore falls outside the class of defendants that may benefit from the Legislature's decision to narrow liability for murder in other circumstances. (See § 1172.6, subd. (a)(3).)

Guillory asserts the language of section 1172.6, subdivision (d)(2) nonetheless compels relief as a matter of law. It states: "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court *shall* vacate the petitioner's conviction and resentence the petitioner." (Italics added.) We disagree. While courts generally defer to statutory language, we will not do so if it would subvert the legislative intent, produce absurd consequences, or render other parts of the statute surplusage. (*Flint, supra,* 75 Cal.App.5th at p. 617; *Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340, superseded by statute on another ground in *McCormick v. Public Employees' Retirement System* (2019) 41 Cal.App.5th 428, 436.)

This is such a case. Under Guillory's construction, where a jury finds one or more special circumstances allegations to be not true but deadlocks on others, section 1172.6, subdivision (d)(2) mandates vacatur and resentencing even if the jury could also have found beyond a reasonable doubt that the petitioner was the actual killer (§ 189, subd. (e)(1)); aided and abetted the murder

7

with the intent to kill (§ 189, subd. (e)(2)); or was a major participant who acted with reckless indifference in committing a felony underlying a special circumstances allegation on which the jury deadlocked. (§ 189, subd. (e)(3).) (Guillory concedes her theory does not apply if the jury returned a true finding on at least one special allegation, although her concession is hard to square with her literal interpretation of section 1172.6, subdivision (d)(2).)

Guillory's theory contravenes the Legislature's decision to limit relief to offenders who could not be convicted of murder under current law (§ 1172.6, subd. (a)(3)), contradicts in some cases the Legislature's decision to retain some forms of felony murder liability under section 189, subdivision (e), and turns on its head the Legislature's intention to better align the punishment for murderers with their individual culpability. (See *Flint, supra,* 75 Cal.App.5th at pp. 617-618 [rejecting for like reasons claim that section 1172.6, subdivision (d)(2) mandates relief for defendant who could currently be convicted of felony murder of a police officer under section 189, subdivision (f)].) That is surely not what the Legislature had in mind.

Section 1172.6, subdivision (d)(2) is more reasonably understood to require automatic vacatur and resentencing where a special circumstances allegation found to be not true (or the legal equivalent, see *People v. Ramirez* (2019) 41 Cal.App.5th 923, 926-927, 930) provides the only viable ground for a murder conviction. This construction serves the legislative purpose behind Senate Bill 1437. It is also consistent with section 1172.6, subdivision (d)(2)'s reference to "*the* felony" (italics added), which suggests the Legislature only contemplated felony murder convictions predicated on a single felony. Finally, it will not, as Guillory claims, deprive section 1172.6, subdivision (d)(2) "almost completely, if not completely" of effect. Rather, consistent with legislative intent, the subdivision affords relief to offenders who

8

could not currently be convicted of murder under any still-valid theory that could have been proven at their trial.

The cases Guillory relies on are consistent with this conclusion. In *People v. Ramirez, supra,* 41 Cal.App.5th at pp. 926-927, a court had granted habeas corpus in a prior proceeding after vacating a true finding on a sole special circumstances allegation that apparently provided the only basis for murder liability. The habeas corpus ruling constituted a "prior finding" requiring vacatur and resentencing under section 1172.6, subdivision (d)(2). (*Ramirez, supra,* at p. 933.) In *Clayton, supra,* 66 Cal.App.5th at pp. 149-150, 154, the jury rejected the sole special circumstances allegation arising from a robbery gone wrong. As in *Ramirez,* there was no suggestion Clayton could be convicted of murder under any other theory. Neither case suggests section 1172.6, subdivision (d)(2) applies where a negative finding on one special circumstances allegation does not negate potential murder liability on other viable bases.

Guillory's remaining arguments focus primarily on whether, as she asserts, a not-true finding on a special circumstances allegation constitutes a finding that the petitioner did not act with reckless disregard for life or was not a major participant in the felony (see *Flint, supra,* 75 Cal.App.5th at pp. 614-615; *People v. Harrison, supra,* 73 Cal.App.5th at pp. 439-442; *Clayton, supra,* 66 Cal.App.5th at pp. 154-158) or, rather, section 1172.6, subdivision (d)(2) requires an affirmative finding of factual innocence. (See *Clayton, supra,* at pp. 159-162 (dis. opn. of Chavez, J).) We need not decide this unsettled point because Guillory is ineligible for resentencing under either view.

Finally, Guillory asserts the mistried special circumstance allegations are "legal non-entities" that, since the original prosecutor declined to retry them, did not "form[] a constituent part of the judgment." As such, she maintains, the section 1172.6 prosecutor could not rely on them to oppose her resentencing

petition. We reject this point as lacking any discernable basis in law or policy.

**B.**

Guillory, a minor when she helped kill Curtis, argues the issuance of the order to show cause pursuant to section 1172.6, subdivision (c) entitles her to retroactive application of Proposition 57, an ameliorative enactment that, if applicable, would require remand for a transfer hearing to address whether she should have been tried as a juvenile. (*See Lara, supra,* 4 Cal.5th at pp. 303-304.) Here, too, we disagree.

Proposition 57 applies retroactively to all cases in which the judgment was not final when the proposition went into effect. (*Lara, supra,* 4 Cal.5th at pp. 303-304.) After briefing was completed in this case, our Supreme Court held in *People v. Padilla* (2022) 13 Cal.5th 152, 162-163 that a final judgment becomes nonfinal for purposes of *Lara* retroactivity when the sentence is vacated on collateral attack (there, a petition for habeas corpus). This is so, *Padilla* indicates, because at that point the trial court regains jurisdiction to consider the appropriate punishment and the defendant regains the right to appeal the new sentence. (*Id.* at pp. 161-162.) Conversely, *filing* a collateral attack does not make a judgment nonfinal. (*Id.* at p. 162.)

An order to show cause under section 1172.6 does not vacate the petitioner's sentence but, like the habeas petition in *Padilla,* sets in motion proceedings to determine whether the petitioner is entitled to vacatur and resentencing. (§ 1172.6, subd. (d)(1).) The original judgment remains final until that determination is made. (*Padilla, supra,* 13 Cal.5th at pp. 161-162; *cf. People v. Ramirez* (2021) 71 Cal.App.5th 970, 994 [resentencing following successful section 1172.6 petition qualified defendant for juvenile court transfer hearing].) Guillory is thus ineligible for retroactive relief under Proposition 57.

## DISPOSITION

The order denying the petition is affirmed.

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

SIMONS, J.

A161952

Contra Costa County Superior Court No. 50106518, Hon. John William Kennedy.

Mark David Greenberg, under appointment by the First District Appellate Project, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Rene A. Chacon, Supervising Deputy Attorney General, Juliet B. Haley and Bridget Billeter, Deputy Attorney Generals, for Plaintiff and Respondent.